# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLES LEE STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:15-cv-0318-KOB-JEO |
| | ) |
| STACEY RUTHERFORD, Investigator, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 27, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 7). The plaintiff, having been advised of his right to file objections, has filed both a motion to object (doc. 8) and a motion to amend complaint (doc. 9).

In his motion to amend, the plaintiff states he seeks to add Officers Flannery and W. Freeman as defendants. (Doc. 9). The plaintiff explains he did not originally name these two individuals because he had no room to add their names on the complaint. He alleges that Officer Flannery apparently left handcuffs on the plaintiff's wrists for too long, and Officer Freeman had something to do with the

removal of property from the Ryder truck.[1]  The plaintiff also alleges that Dr. Williams, already named as a defendant in his original complaint, gave the plaintiff Tylenol, which may have damaged the plaintiff's liver.

"[A] district court may properly deny leave to amend . . . when such amendment would be futile." *Jeremiah v. Burnette*, 297 F. App'x 854, 855 (11th Cir. 2008) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). *See also Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").  The plaintiff's proposed addition of defendants and facts neither raises new constitutional claims, nor elevates the claims in his original pleading to a constitutional level.  The court **DENIES** the motion to amend (doc. 8), as the proposed amendment would be futile.

In his motion to object, which the court treats as objections, the plaintiff asserts that he "did get sick on a number of times because his [blood] sugar was low," which "could have made [him] go into a diabetic coma," and that he had "asked Doctor Williams for [a] snack."  (Doc. 8). The plaintiff also alleges that Officers Flannery

---

[1] *See* Report and Recommendation entered July 27, 2015 (doc. 7, at 3-5) for a discussion of the facts underlying the plaintiff's claims.

and Freeman should have been named in the complaint concerning property the Huntsville Police Department took from the plaintiff when they stopped the truck he was driving. (*Id.*)

The court construes the plaintiff's claim that he got sick because his blood sugar was low, which could have made him go into a diabetic coma, as an objection to the court's finding that the plaintiff's allegations against Dr. Williams failed to state an Eighth Amendment claim for deliberate indifference. Even given the plaintiff's additional allegation that he could have gone into a diabetic coma from low blood sugar, the plaintiff still fails to state a cognizable Eighth Amendment claim. Such allegations, without more, are insufficient to raise a claim of constitutional proportions. *See e.g.*, *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks omitted) (stating that relief under § 1983 for deliberate indifference to serious medical needs requires wanton conduct that rises above accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice). Therefore, the court OVERRULES his objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. Accordingly, the that court finds that the plaintiff's motion to amend (doc. 9) is due to be **DENIED** and

that the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

The court will enter a final Order.

DONE and ORDERED this 21st day of September, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE